UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GABRIEL SANCHEZ,                    § | |
| § | |
| *Plaintiff*,                                   § | |
| v.                                                  § | CIVIL ACTION NO. _____ |
| § | |
| MCCORMICK TRUCKING INC., § | |
| JENNIFER GONZALES, AND   § | |
| JOSE RODRIGUEZ,                    § | |
| § | |
| *Defendants*.                              § | |

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants McCormick Trucking Inc., Jennifer Gonzalez, and Jose Rodriguez (collectively, "Defendants"), the Defendants in the above-styled cause, and hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. This Notice of Removal is filed to remove the civil action originally filed in Texas state court: Cause No. CC-21-01235-E, pending in the County Court of Law at Law No. 5, Dallas County, Texas. In support thereof, Defendants would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff, Gabriel Sanchez ("Plaintiff" or "Sanchez"), is a resident of the State of Texas, and an individual who resides in Fort Worth, Texas.

2. Defendant McCormick Trucking, Inc. ("Defendant" and/or "McCormick") is a corporation with its principal place of business in Murfreesboro, Tennessee and is duly authorized to conduct business in Texas.

3. Defendant Jennifer Gonzales ("Defendant" and/or "Gonzales") is a resident of the State of Texas, and an individual who resides in the State of Texas.

4. Defendant Jose Rodriguez ("Defendant" and/or "Rodriguez") is a resident of the State of Texas, and an individual who resides in the State of Texas.

5. Plaintiff seeks actual damages and monetary relief in an amount of $200,000 or above, including damages, penalties, costs, expenses, pre-judgment interest and attorneys' fees.[1]

## II.
## NATURE OF ACTION

6. On April 2, 2021, Plaintiff, Gabriel Sanchez, filed a lawsuit against Defendants McCormick, Gonzales, and Rodriguez *Gabriel Sanchez v. Tracie McCormick Trucking, Jennifer Gonzales and Jose Rodriguez,* Cause No. CC-21-01235-E, in the County Court at Law No. 5, Dallas County, Texas (the "State Court Action").[2]

7. Plaintiff claims he served each Defendant by leaving the certified mail "*with an individual at 3485 Orr Blvd. Grand Prairie, Texas,*" at McCormick Trucking's office address.[3] Plaintiff did not provide any information about the "individual," Plaintiff claims was given the Petition. Notably, none of the Defendants personally received a certified copy of the Original Petition, as claimed by Plaintiff. Service was not proper.

8. In the Original Petition Plaintiff filed in the State Court Action, Plaintiff's employment with McCormick due to Plaintiff's refusal to adhere to mask wearing safety requirements during the peak of the COVID-19 pandemic in July 2020. Plaintiff proceeded to file a baseless lawsuit against his former employer, McCormick, and two other McCormick

---

[1] *See* Plaintiff's Amended Petition, at ¶ 8.
[2] *See* A Copy of Plaintiff's Original Petition, attached as **Exhibit C1**.
[3] *See* Citations and Return of Service, attached as **Exhibits C4-C7; C9**.

employees, Jennifer Gonzalez and Jose Rodriguez (who are both improper parties to this lawsuit), asserting the following unavailing claims: (i) that Defendants violated his rights and privileges under section 2000a or 2000a-1 of the Fourth Amendment of the United States Constitution,[4] (ii) that a requirement to wear a mask as a McCormick employee at work was a purported violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution,[5] (iii) that Defendants violated Section 37.02 of the Texas Penal Code by allegedly making a false statement to **him**,[6] and (iv) that a requirement to wear a mask as a McCormick employee at work meant Defendants were practicing medicine without a license in violation of Section 165.159 of the Texas Occupations Code.[7]

9.  On June 14, 2021, Plaintiff filed his Motion to Amend his Petition and Amended Petition in the State Court Action.[8] In the Amended Petition, Plaintiff requests more monetary damages and asserts the following additional claims: (i) that in requiring him to wear a mask at work, Defendants failed to provide public accommodations to him and violated Title II of the Civil Rights Act of 1964;[9] and (ii) that Defendants allegedly deprived him of life, liberty, property, or privileges in alleged violation of Section 16 of the Texas Constitution of 1845.[10]

10. Based on the allegations in the Original and recently-filed Amended Petition, this Notice of Removal is being filed within 30 days after the receipt by the Defendants, through service

---

[4] *See* Plaintiff's Original Petition, at ¶ 4.
[5] *See* Plaintiff's Original Petition, at ¶ 14.
[6] *See* Plaintiff's Original Petition, at ¶ 13.
[7] *See* Plaintiff's Original Petition, at ¶ 15.
[8] *See* Copy of Plaintiff's Amended Petition, attached as **Exhibit C8**. Although Plaintiff purports to Amend his Petition, Plaintiff did not file an amended petition. Instead, Plaintiff filed a "motion to amend," which includes his additional factual allegations and causes of action. Therefore, Defendants will address Plaintiff's Original Petition and Motion to Amend Petition as both include Plaintiff's complete allegations against Defendants.
[9] *See* Exhibit A-2, at ¶ 1.
[10] *See* Exhibit A-2, Ex. A-2, at ¶¶ 2, 11.

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of the State Court Action on April 2, 2021.

### III.
### VENUE

11. Venue for removal is proper in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to Sections 1441(a) of Title 28 of the United States Code because this district and division embraces the County Court at Law No. 5, Dallas County, Texas, which is the forum in which this action is currently pending, and because Plaintiff worked for Defendant McCormick in this federal district and division.

### IV.
### REMOVAL IS PROPER: FEDERAL QUESTION

12. This action arises under and presents questions of federal law. Removal is proper because Plaintiff's claims present a federal question and this Court has original jurisdiction over all civil actions pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff's causes of action under the Fourth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the Title II of the Civil Rights Act are apparent from the face of Plaintiff's Petition.[11]

13. Since Plaintiff's claims present federal question because they arise out of the Fourth Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the Title II of the Civil Rights Act, removal is proper based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331 ("[t]he district courts

---

[11] *See* Original and Amended Petition, **Exhibits C1 and C8**.

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). 28 U.S.C. §§ 1441(c).

14. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action, within such original jurisdiction that they form the same part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To the extent Plaintiff's other purported causes of action do not allege federal claims, this action is still removable under 28 U.S.C. § 1441(c) based on the supplemental jurisdiction conferred upon this Court by 28 U.S.C. § 1367(a) to hear and decide all pendent state law claims asserted in Plaintiff's Petition since Plaintiff's state law causes of action also arise from the same facts: his employer McCormick's requirement that Plaintiff wear a mask at work during the COVID-19 pandemic for safety reasons.

15. Plaintiff's state law claims are "so related" to his federal claims that they form part of the same case or controversy, or in other words, "derive from a common nucleus of operative fact," as Plaintiff's federal claims. *See Mendoza v. Murphy,* 532 F. 3d 342, 346 (5th Cir. 2008). The Fifth Circuit has summarily held that "where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 28 U.S.C. § 1441." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 327 (5th Cir. 1998).

16. "A case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants." *Texas v. Walker,* 142 F.3d 813, 817 (5th Cir. 1998). In this case, both Plaintiff's federal and state claims on the face of the pleadings concern

the same core factual issue: alleged violation of rights by Defendants because of Plaintiff's refusal to comply with the safety requirement to wear a mask at work during the COVID-19 pandemic.

17. The proof required by Plaintiff for his federal and state law claims involve the same operative facts. As such, the claims are sufficiently related for purposes of section 1367(a), and the Court is granted supplemental jurisdiction to hear and decide all claims.

## V.
## REMOVAL IS PROPER: DIVERSITY OF PARTIES

18. Removal is also warranted because there is an improper joinder of the Individual Defendants, Jennifer Gonzales and Jose Rodriguez, in this suit and complete diversity exists between the proper parties: Plaintiff Sanchez and Defendant McCormick Trucking Inc. This Court has original jurisdiction over all civil actions between citizens of different States where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

19. As pled in Plaintiff's Petition, Plaintiff is a resident of Fort Worth Tarrant County, Texas.[12]

20. As pled in Plaintiff's Petition, Defendant McCormick is a nonresident corporation and is a resident of Murfreesboro, Tennessee.[13]

21. Jennifer Gonzales is a resident of the State of Texas. However, she is not a proper party to this lawsuit.

22. Jose Rodriguez is a resident of the State of Texas. However, he is not a proper party to this lawsuit.

---

[12] *See* Exhibit C1, at ¶ 1.
[13] *See id.*, at ¶ 2.

23. Defendants Jennifer Gonzales and Jose Rodriguez are not proper defendants for discrimination claims or any violation of purported rights under the Fourth or Fourteenth Amendment of the United States Constitution, the Title II of the Civil Rights Act. Individual employees are not "employers," under federal discrimination laws, and therefore cannot be liable for such claims. *See Smith v. Amedisys Inc.,* 298 F.3d 434, 448 (5th Cir. 2002). The Fifth Circuit has summarily held that employees may not be sued for damages in their individual capacities for alleged discrimination. *See id*.

24. Therefore, this lawsuit properly comprises of a civil dispute between citizens of different states as there is complete diversity between Plaintiff Sanchez and Defendant McCormick. *See* 28 U.S.C. § 1332(a).

25. Thus, this action is also removable under 28 U.S.C. § 1441(a) based on the original jurisdiction conferred upon this Court by 28 U.S.C. § 1332 (a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs.

26. Therefore, this Court has jurisdiction over the claims between Plaintiff Sanchez and Defendant McCormick.

## VI.
## REMOVAL REQUIREMENTS MET

27. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), 1449, and Local Rule 81.1, true and correct copies of all documents on the court's docket in the State Court Action, including Plaintiff's Original and Amended Petition, and all process, pleadings, and orders contained therein are attached hereto.[14]

---

[14] *See* Exhibits C1 to C2.

## VII.
## NOTICE OF FILING OF NOTICE OF REMOVAL AND JURY DEMAND

28. Upon filing of the Notice of Removal, written notice of the filing shall be forwarded to all Plaintiff in accordance with 28 U.S.C. § 1446(d).

29. Notice of Filing the Notice of Removal with the United States District Court for the Northern District of Texas, Dallas Division will be sent to the Clerk of the County Court of Law at Law No. 5, Dallas County, Texas upon receipt of proof of filing of these removal documents in accordance with 28 U.S.C. § 1446(d).

30. Defendant demands a jury trial in this action.

## VIII.
## REQUIRED FORM OF DOCUMENTS TO BE FILED AS EXHIBITS

31. Pursuant to Local Rule 81.1, Defendants provide the following to the clerk for filing:

   a. A completed civil cover sheet;

   b. A supplemental civil cover sheet;

   c. A notice of removal with a copy of each of the following attached:

   i. **Exhibit A:** Index of all documents that clearly identifies each document and indicates the date the document was filed with the state court;

   ii. **Exhibit B:** A copy of the docket sheet in the state court action;

   iii. **Exhibit C1-C14:** Each document filed in the state court action; and

   iv. **Exhibit D:** A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

32. By filing this Notice of Removal, Defendants do not intend to waive any defenses, objections, or counterclaims which may be available to them or which may be asserted in an answer or other pleadings filed in response to Plaintiff's claims.

# IX.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants hereby request that the Court accept jurisdiction over this case for the reasons set forth above and grant that the above–entitled action is hereby removed from the County Court of Law at Law No. 5, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division for further proceedings and adjudication in this Court in accordance with 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), (c), and 1446. Defendants further request that the Court grant such other and further relief to which they may show themselves to be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**
State Bar No. 00784629
ksmoore@clarkhill.com
**TOLU O. BABADE**
State Bar No. 24091231
tbabade@clarkhill.com

**CLARK HILL**
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
469.287.3900
469.287.3999 Fax

**ATTORNEYS FOR DEFENDANTS MCCORMICK TRUCKING INC., JENNIFER GONZALES, AND JOSE RODRIGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically and notice of such filing was made to Plaintiff as listed below, on the 22nd day of June 2021.

Gabriel Sanchez, ***Pro se Plaintiff***
1424 Summit Ave., Apt 5051
Fort Worth, Texas 76102

*/s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**