IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GABRIEL SANCHEZ,<br><br>     Plaintiff,<br><br>v.<br><br>MCCORMICK TRUCKING INC.,<br>JENNIFER GONZALES, and<br>JOSE RODRIGUEZ,<br><br>     Defendants. | Case No. 3:21-cv-1471-C-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gabriel Sanchez filed a "Motion to Dismiss" (ECF No. 7), seeking voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) of this recently removed civil action. The Court should construe this "Motion" as a notice of dismissal under Rule 41(a)(1)(A)(i) and dismiss this case without prejudice. *See Carter v. United States*, 547 F.2d 258, 259 n.2 (5th Cir. 1977) (attributing no significance to plaintiff's styling of the document as a "motion to dismiss"—rather than a "notice of dismissal"—under Rule 41(a)(1)).

A plaintiff may unilaterally dismiss an action without prejudice by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). If the defendant has filed an answer or a motion for summary judgment, however, Rule 41(a)(2) permits dismissal at the plaintiff's request "only by court order, on terms that the court

1

considers proper." *Id.* 41(a)(2). Unless otherwise stated in the order, a dismissal under either subsection is without prejudice. *Id.* 41(a)(1)(B), 41(a)(2). A plaintiff's right to dismissal under Rule 41 applies equally to cases removed from state court as it does to those commenced in federal court. *See In re Amerijet Int'l, Inc.*, 785 F.3d 967, 974 (5th Cir. 2015) (per curiam) (applying Rule 41 to removed case). Although Defendants have filed a Rule 12(b)(6) motion to dismiss (ECF No. 3), they have not yet filed an answer or a motion for summary judgment. Therefore, Sanchez is entitled to voluntarily dismiss this case under Rule 41(a)(1)(A)(i). *See id.* ("[O]nly an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." (citation omitted)); *see also Bailey v. Shell W. E & P Inc.*, 609 F.3d 710, 719 (5th Cir. 2010) ("Dismissal under Rule 41(a)(1) is 'a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.'" (citation omitted)); *Carter*, 547 F.2d at 259 ("[A] plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."). As a result, Defendants' Rule 12(b)(6) motion is moot.

## Recommendation

The Court should construe Sanchez's Motion to Dismiss (ECF No. 7) as a notice of dismissal under Rule 41(a)(1)(A)(i) and DISMISS this action without prejudice. Additionally, the Court should direct the Clerk of Court to terminate Defendants' Rule 12(b)(6) motion (ECF No. 3) as moot.

**SO RECOMMENDED.**

July 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).